IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRIOT CONTRACT SERVICES,

    Plaintiff,

  v.

UNITED STATES,

    Defendant.

No. C 04-5428 MJJ

**ORDER GRANTING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF PENDING RULING BY THE NINTH CIRCUIT ON PLAINTIFF'S EMERGENCY MOTION UNDER CIRCUIT RULE 27-3**

    Before the Court is Plaintiff Patriot Contract Services' ("Plaintiff") motion for injunctive relief pending appeal of the Court's May 16, 2005 Order denying Plaintiff's motion for a preliminary injunction. In the alternative, Plaintiff seeks an injunction pending the Ninth Circuit's ruling on its Emergency Motion Under Circuit Rule 27-3, to be filed forthwith. For the following reasons, the Court **GRANTS** Plaintiff's alternative request for an injunction pending the outcome of its forthcoming emergency motion before the Ninth Circuit.

## LEGAL STANDARD and ANALYSIS

    Courts apply one of two standards to determine whether a preliminary injunction should issue. To meet the "traditional" test, the movant must establish: (1) a strong likelihood of success on the merits; (2) the possibility that the movant will suffer irreparable harm if the injunction does not issue; (3) that the balance of hardships favors its case; and (3) that the public interest favors granting

1 the injunction. *Am. Motorcyclist Ass'n v. Watt*, 714 F.2d 962, 965 (9th Cir. 1983). To prevail under the "alternate" test, the movant must demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and that the balance of hardships tips sharply in its favor. *Id.*; *see also Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990).

As discussed in the Court's prior Order denying Plaintiff's motion for injunctive relief pending adjudication of its claims on their merits, Plaintiff has certainly raised questions about the integrity of the procurement process in the context of its fraudulent misrepresentation claim. Plaintiff has presented evidence that AMSEA may have misrepresented to MSC the extent to which it had secured agreements from proposed key personnel regarding salary, benefits, and position. Plaintiff has also established that it will suffer irreparable harm if an injunction does not issue. The Government and Intervenor-Defendant AMSEA also demonstrated that they, and the public, will be harmed if an injunction issues and the turnover of the LMSR vessels is stopped. In its May 16, 2005 Order, the Court found that Plaintiff had not demonstrated a strong likelihood of success on the merits of its fraudulent misrepresentation claim and that the balance of harms did not sufficiently tip in Plaintiff's favor to warrant injunctive relief. However, Plaintiff's present motion seeks more limited injunctive relief than did its earlier motion. Here, Plaintiff seeks to enjoin the turnover of the remaining LMSR vessels for a much shorter period of time (i.e. until the Ninth Circuit rules on Plaintiff's emergency motion - which will take a matter of days or, at most, a few weeks). Therefore, the Court finds that the harm that the Government, AMSEA, and the public would suffer if an injunction were to issue is minimized such that the balance of hardships, on this record, now tips sufficiently in Plaintiff's favor that, under the "alternate" preliminary injunction test, injunctive relief is appropriate. Accordingly, Plaintiff's request for an injunction is **GRANTED**.

///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's request for an injunction pending the Ninth Circuit's ruling on Plaintiff's impending Emergency Motion Under Circuit Rule 27-3.

This Order terminates docket entry no. 193.

**IT IS SO ORDERED**

Dated: May_23__, 2005



__/s/_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

3